[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11545

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FIDEL MOREJON VEGA,
a.k.a. David Padrino,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20336-KMM-1

———————————

Before JORDAN, BRANCH, and BRASHER, Circuit Judges.

PER CURIAM:

Fidel Morejon Vega impersonated a federal agent and defrauded over a dozen immigrants out of roughly $175,000, promising to help with their United States immigration status. Vega committed this criminal scheme only three months after serving a sentence for conducting a similar scheme. After Vega pleaded guilty, the district court varied upward from the guidelines advisory range, sentencing him to sixty months' imprisonment. On appeal, Vega argues that the district court, which more than tripled the upper bound of the guidelines advisory range, imposed a substantively unreasonable sentence. We disagree and affirm.

## I.

We briefly recount the relevant facts, which are largely undisputed. In April 2018, Vega falsely represented to M.R.V., a Costa Rican citizen, that he was a federal immigration agent. Vega promised to expedite M.R.V.'s citizenship paperwork for $10,000. M.R.V. paid Vega and provided him with copies of her driver's license and work permit. She also sought Vega's assistance for several friends and relatives who needed immigration assistance. Between May 2018 and August 2018, Vega collected about $175,000 from M.R.V.'s referrals.

Vega delivered I-797 immigration forms to M.R.V. and two others, which purported to notify the three individuals that United States Citizenship and Immigration Services had approved their applications for permanent residency. A subsequent review of those documents by federal law enforcement agents revealed that the I-797 forms were fraudulent, and that Vega had never worked for the federal government in any capacity.

In 2021, a federal grand jury returned a six-count indictment. Vega pleaded guilty to possession or use of a false immigration document, in violation of 18 U.S.C. § 1546(a), and encouraging and inducing aliens to enter and remain in the United States, in violation of 18 U.S.C. § 1324(a)(1)(A)(iv). The government dismissed the remaining counts.

At Vega's sentencing hearing, the district court adopted the guidelines advisory range of twelve to eighteen months' imprisonment. Although the government recommended a sentence at the top of the guidelines advisory range, the district court imposed an upward variance and sentenced Vega to sixty months' imprisonment. The court found Vega's offense "shocking" because of the victims and the fact that his criminal conduct began less than three months after he had served a sentence for "exactly the same thing." His conduct showed "absolutely no respect for the law" and established that his previous thirty-three-month sentence had not deterred him. The court concluded that a within-guidelines sentence would not correspond with the seriousness of the offense, Vega's

lack of respect for the law, or the Section 3553(a) factors. Vega objected and timely appealed.

## II.

We review the substantive reasonableness of a sentence for abuse of discretion, considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). A district court abuses its discretion when it (1) ignores "relevant factors that were due significant weight," (2) disproportionately weighs improper or irrelevant factors, or (3) "commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (quoting *United States v. Campa*, 459 F.3d, 1121, 1174 (11th Cir. 2006) (en banc)).

## III.

Vega argues that the district court imposed a substantively unreasonable sentence because it improperly weighed his prior conviction and ignored certain mitigating factors. We disagree.

A sentence is substantively reasonable if, based on the totality of the circumstances, it fulfills the goals of Section 3553(a). *See United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008); *see also* 18 U.S.C. § 3553(a) (stating that a court must "impose a sentence sufficient, but not greater than necessary, to comply with" the sentencing objectives of Section 3553(a)(2)). In determining an appropriate sentence, the district court must consider: (1) the nature of the offense and the defendant's "history and characteristics"; (2)

"the need for the sentence" to reflect the seriousness of the crime, deter future criminal conduct, protect the public, and rehabilitate the defendant; (3) the types of available sentences; (4) the guidelines advisory range; (5) "any pertinent policy statement" by the Sentencing Commission; (6) "the need to avoid unwarranted sentencing disparities"; and (7) the victim's need for restitution. 18 U.S.C. § 3553(a).

The district court has discretion to weigh certain Section 3553(a) factors more than others, *see United States v. Rosales-Bruno*, 789 F.3d 1249, 1259 (11th Cir. 2015), and may impose an upward variance when warranted, *see Gall*, 552 U.S. at 49–50. An upward variance may result from "conduct that a probation officer already had considered in calculating the defendant's" guidelines advisory range. *United States v. Johnson*, 803 F.3d 610, 619 (11th Cir. 2015) (quoting *United States v. Moran*, 778 F.3d 942, 983 (11th Cir. 2015)). To vacate a sentence as substantively unreasonable, we must firmly believe that the upward variance resulted from "a clear error of judgment in weighing the [section] 3553(a) factors." *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018) (quoting *United States v. Cubero*, 754 F.3d 888, 893 (11th Cir. 2014)) (alteration in original). Thus, "it is only the rare sentence that will be substantively unreasonable." *United States v. McQueen*, 727 F.3d 1144, 1156 (11th Cir. 2013). Still, a sentence that "is grounded solely on one factor, relies on impermissible factors, or ignores relevant factors" may be unreasonable. *Pugh*, 515 F.3d at 1194.

Vega posits that the district court improperly weighed a single sentencing factor—his prior conviction—and ignored the fact that he was the sole caregiver for his disabled partner. Thus, as the argument goes, the upward variance was substantively unreasonable.

Not so. To be sure, the district court emphasized Vega's prior conviction for conducting a similar immigration scheme. But the district court may give certain Section 3553(a) factors more weight than others. *Rosales-Bruno*, 789 F.3d at 1259. The district court also cited the failure of the prior thirty-three-month sentence for nearly identical conduct to deter this offense, the financial devastation suffered by Vega's victims, the severity of Vega's artifice, Vega's lack of respect for the law, and the duration of the immigration scheme as justification for the upward variance. The upward variance therefore arose from a confluence of several Section 3553(a) factors, including Vega's criminal history, the need for the sentence to reflect the offense's severity, deterrence, protecting the public, and rehabilitation. *See* 18 U.S.C. § 3553(a).

Though Vega contends that the upward variance was substantively unreasonable because the guidelines advisory range already accounted for his prior conviction, the district court may impose an upward variance based on "conduct that a probation officer already had considered" during the guidelines advisory range calculation. *Johnson*, 803 F.3d at 619. And nothing in the record suggests that the district court ignored mitigating factors, such as Vega's role as sole caregiver to his disabled partner.

Based on the totality of the circumstances, we are not "left with the definite and firm conviction that the district court committed a clear error of judgment in" varying upward from the guidelines advisory range. *See Shabazz*, 887 F.3d at 1224 (quoting *Cubero*, 754 F.3d at 893). The district court properly considered the Section 3553(a) factors and did not "give[] significant weight to an improper or irrelevant factor." *See Irey*, 612 F.3d at 1189. Accordingly, Vega's sentence was substantively reasonable, and we detect no abuse of discretion.

## IV.

The district court is **AFFIRMED**.